UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

A.D. and H.D., on behalf of J.D.,

                            Plaintiffs,

     - against -                                    **COMPLAINT**

New York City Department of Education,               **08 CV 3361 (SAS)**

                            Defendant.

-----------------------------------------------------------------

     Plaintiffs, A.D. and H.D., on behalf of J.D., by their attorneys, Mayerson & Associates, as and for their Complaint against defendant New York City Department of Education ("NYCDOE"), allege and states the following:

  1. Plaintiff J.D., the son of plaintiffs A.D. and H.D., is a minor child who has been diagnosed with an autism spectrum disorder. J.D. was at all relevant times was and is a student residing within the New York City School District entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. § 1400, *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and Part 200 of the Commissioner's Regulations.

  2. Plaintiffs A.D. and H.D. are the parents of J.D. Plaintiffs are residents of the State of New York, residing at all relevant times at an address, in Manhattan, within the New York City School District.

3. J.D. and his parents A.D. and H.D. are not expressly named herein by their given names or specific address because of the privacy guarantees provided in the IDEIA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. § 99.

4. Defendant New York City Department of Education ("NYCDOE"), upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the agency charged with the obligations to provide J.D. with a free and appropriate public education ("FAPE"), *see infra*, ¶ 9.

## THE RELIEF BEING SOUGHT

5. This action is brought pursuant to the provisions of 20 U.S.C. § 1400, *et. seq.*, more commonly known as the IDEIA and, in particular, 20 U.S.C. §§ 1415(i)(2) and (3). *See also*, 34 C.F.R. §§ 300.516 and 300.517.

6. This action is being brought to secure statutory attorneys' fees that plaintiffs are entitled to recover pursuant to the fee-shifting provisions of the federal IDEIA statute, 20 U.S.C. §§ 1415(i)(3)(A)-(G). A.D. and H.D., on behalf of J.D., should be awarded attorneys' fees as the "substantially prevailing party" in a due process hearing for the 2004-2005 and 2006-2007 school years under New York City Impartial Hearing Office Case Numbers 58956, 103707 and 106477 respectably.

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy. Venue is proper in that plaintiff and defendant both reside in or are situated in this District.

8. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability. The FAPE required under IDEIA will be different for each child, as IDEIA does not permit a "one size fits all" approach.

**FACTUAL BACKGROUND FOR THE 2004-2005 SCHOOL YEAR**

9. On or about April 6, 2005, A.D. and H.D., through their attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2004-2005 school year for the cost and expenses of J.D.'s tuition and related services. J.D.'s parents filed for due process due to the NYCDOE's failure to recommend and provide an appropriate placement and program individualized for J.D.'s unique special education needs.

10. The evidentiary hearing on this matter took place on May 13 and 31, and June 14, 2005. Eric P. Nachman, Esq., of Mayerson & Associates represented the plaintiffs. The NYCDOE contended that they provided J.D. with an appropriate program, thereby establishing Prong I of the Burlington/Carter test for relief.[1]

11. The impartial hearing officer heard testimony from J.D.'s witnesses and the NYCDOE's witnesses regarding the appropriateness of the services provided by private providers secured by J.D.'s parents (Prong II).

12. By "Findings of Fact and Decision" dated August 8, 2005, Impartial Hearing Officer Robert Briglio Esq., rendered an award in favor of plaintiffs, establishing plaintiffs as the

---

[1] Reference is made to School Committee of Burlington v. Dept. of Educ. of Massachusetts, 471 U.S. 359, 105 S.Ct. 1996 (1985), and Florence Court School Dist. Four v. Carter, 510 U.S. 7, 114 S.Ct. 361 (1993), which set the standards for determining whether a handicapped child's unilateral educational placement is eligible for reimbursement relief.

substantially prevailing party in the 2004-2005 administrative due process proceeding.[2] Defendant never appealed from this decision, which thus became final and non-appealable on or about September 13, 2005.

### FACTUAL BACKGROUND FOR THE 2006-2007 SCHOOL YEAR

13. On or about September 1, 2006, A.D. and H.D., through their attorneys, Mayerson & Associates, filed for an impartial hearing at the administrative level in an effort to secure reimbursement and other relief relating to the 2006-2007 school year for the cost and expenses of J.D.'s tuition and related services. J.D.'s parents filed for due process due to the NYCDOE's failure to recommend and provide an appropriate placement and program individualized for J.D.'s specialized needs.

14. The evidentiary hearing in that matter took place over a period of six days on November 2 and December 12, of 2006, and February 15, April 19, May 1, and June 5, of 2007. Gary S. Mayerson, Esq., of Mayerson & Associates represented the plaintiffs. The NYCDOE contended it had offered and provided J.D. with an appropriate program. Plaintiffs contested that claim.

15. Plaintiffs entered 37 exhibits and the testimony of six witnesses into evidence in support of their case. The NYCDOE entered 11 exhibits and the testimony of seven witnesses challenging the appropriateness of the program privately arranged by J.D.'s parents.

16. By "Findings of Fact and Decision" dated August 8, 2007, Impartial Hearing Officer Susan Lushing Esq., rendered an award in favor of plaintiffs, establishing plaintiffs as the substantially prevailing party in the 2006-2007 administrative due process proceeding.[3]

---

[2] A redacted copy of this decision is annexed hereto as Exhibit A. Please note that all exhibits have been redacted so as to protect the privacy of the family. See ¶ 3.
[3] A redacted copy of this decision is annexed hereto as Exhibit B.

Defendant never appealed from this decision, which thus became final and non-appealable on or about September 13, 2007.

## CONCLUSION

17. The defendant is liable to pay plaintiffs their reasonable attorneys' fees arising out of J.D.'s successive IDEIA administrative due process proceedings, and in this action, at plaintiffs' counsel's current "prevailing" rates. The fees requested herein are entirely reasonable and appropriate because:

(a) upon information and belief, plaintiffs' attorneys' office is the only firm in the country whose practice is devoted almost exclusively to representing children and adolescents with autism spectrum disorders, like J.D., in educational rights disputes;

(b) the principal of plaintiffs' attorneys' firm has testified before the United States Congress on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(c) plaintiffs' attorneys have published and presented on the subject of the educational rights of children diagnosed with autism spectrum disorders;

(d) plaintiffs' attorneys have special knowledge and expertise concerning the educational needs of children diagnosed with autism spectrum disorders;

(e) plaintiffs' attorneys' office has represented children with autism spectrum disorders in numerous states across the nation, and has consulted to families outside of the United States; and

(f) to the extent that there is a "prevailing rate" in the Southern District of New York for sophisticated autism intervention cases, plaintiffs' attorneys' prevailing rates are reasonable and within the applicable standard.

18. Necessary duties involved with preparing J.D.'s cases for administrative due process hearings for the 2004-2005 and 2006-2007 school years included, but were not limited to: (a) corresponding with plaintiff's service providers; (b) holding numerous telephone conferences; (c) writing and filing impartial due process hearing requests; (d) reviewing and disclosing documentary information relevant to J.D.'s claims; (e) scheduling and preparing witnesses to testify at the hearings; (f) developing effective case presentations for the 2004-2005 and 2006-2007 school years; and (g) preparing closing statements.

19. Additional fees and costs have been incurred, and will continue to be incurred in this action.

20. For all of the above efforts, plaintiffs should be awarded attorneys' fees, related costs and disbursements for the 2004-2005 and 2006-2007 school years in an amount to be set by this Court, at plaintiffs' counsel's prevailing rates.

## PRAYER FOR RELIEF

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiffs their statutory attorneys' fees and related costs and disbursements from the IDEIA due process proceedings for the 2004-2005 and 2006-2007 school years in an amount to be set by the Court, at plaintiffs' counsel's prevailing rates, (b) award plaintiffs the attorneys' fees and related costs and disbursements associated with this action in an amount to be set by the Court, and (c) award plaintiffs such other, different and further relief as this Court deems proper.

Dated: April 4, 2008
    New York, New York

Gary S. Mayerson (GSM 8413)
Mayerson & Associates
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (facsimile)

admin@mayerslaw.com